IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES ABRAHAMSON,                                No. 6:15-cv-00580-HZ

                Plaintiff,                        OPINION & ORDER

      v.

COMMISSIONER SOCIAL
SECURITY ADMINISTRATION,

                Defendant.

Bruce W. Brewer
Law Offices of Bruce W. Brewer, PC
PO Box 421
West Linn, OR 97068

      Attorney for Plaintiff

Janice E. Hebert
Assistant United States Attorney
U.S. Attorney's Office, District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

1 - OPINION & ORDER

Alexis L. Toma
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

  Attorneys for Defendant

HERNÁNDEZ, District Judge:

  Plaintiff James Abrahamson brings this action for judicial review of the Commissioner's final decision denying his application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. This Court has jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c) (3)). For the reasons that follow, the Court affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

  Plaintiff applied for DIB on April 17, 2012, alleging an onset date of April 15, 2010. Tr. 192.[1] His application was denied initially and on reconsideration. Tr. 101, 107. On December 2, 2013, Plaintiff appeared, with counsel, for a hearing before an Administrative Law Judge (ALJ). Tr. 32. On December 18, 2013, the ALJ found Plaintiff not disabled. Tr. 27. The Appeals Council denied review. Tr. 1.

## FACTUAL BACKGROUND

  Plaintiff alleges disability based on pain in his hands, back, neck, and left knee; a torn tendon in his left hand; and tennis elbow in both elbows. Tr. 221. Plaintiff was 60 years old at the time of the administrative hearing. Tr. 37. He graduated from high school and obtained an associate's degree in automotive technology. Tr. 37. He has past work experience as an auto mechanic. Tr. 63.

---

[1] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 11.

**SEQUENTIAL DISABILITY ANALYSIS**

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. See, e.g., Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. 137 at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at

3 - OPINION & ORDER

141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 15, 2010, the alleged onset date. Tr. 19. Next, at steps two and three, the ALJ determined that Plaintiff has the severe impairments of arthritis/dupuytren's contracture of the left hand and degenerative disc disease of the lumbar spine, and the non-severe impairments of acute cholecystitis with flank/abdominal pain, but that the impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments. Tr. 20-23. At step four, the ALJ concluded that Plaintiff has the following residual functional capacity:

> [He can] perform the full range of medium work as defined in 20 CFR 404.1567(c) including lifting up to 50 pounds occasionally, lifting and carrying up to 25 pounds frequently. He may occasionally climb ladder, ropes, scaffolds, and crawl. He may frequently engage in handling and fingering with the non-dominant left hand.

Tr. 23. With this residual functional capacity, the ALJ determined that Plaintiff is capable of performing past relevant work as an auto mechanic. Tr. 25. Alternatively, at step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as tune-up mechanic, carburetor mechanic, and vehicle fuel systems converter. Tr. 26. Thus, the ALJ determined that Plaintiff is not disabled. Tr. 33.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th

Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

The court must weigh the evidence that supports and detracts from the ALJ's conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. Id. (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); see also Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. Id.; see also Batson, 359 F.3d at 1193. However, the court cannot not rely upon reasoning the ALJ did not assert in affirming the ALJ's findings. Bray, 554 F.3d at 1225-26 (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)).

**DISCUSSION**

Plaintiff contends that the ALJ erred by finding Plaintiff not entirely credible and by rejecting the opinion of treating physician Dr. Heder. The Court finds that the ALJ properly discounted Plaintiff's credibility and that any error in rejecting the opinion of Dr. Heder was harmless.

I. Credibility of Plaintiff

Plaintiff contends that the ALJ failed to provide clear and convincing reasons for rejecting his testimony about his impairments and their limiting effects. In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis. 20 C.F.R. § 404.1529. First, the ALJ determines whether

there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of symptoms. Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996). If such evidence exists, and barring affirmative evidence of malingering, the ALJ must give clear and convincing reasons for discrediting the claimant's testimony regarding the severity of the symptoms. Id. at 1284; see also Lingenfelter, 504 F.3d at 1036. If the record contains affirmative evidence of malingering, the ALJ need only provide specific and legitimate reasons for an adverse credibility finding. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ may consider many factors in weighing a claimant's credibility, including: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008). Where the ALJ's credibility findings are supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002). However, a general assertion that plaintiff is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir.1993); see also Morgan, 169 F.3d at 599.

Plaintiff testified that he stopped working as an auto mechanic because of severe problems with his back, neck, and hands. Tr. 38. Plaintiff explained that he had pulled muscles and had arthritis in his hands. Id. He stated that his left hand was worse than his right but that both hands bothered him. Id. Plaintiff testified that he dropped things "all the time" because he was unable to grasp and hold on to objects such as dishes or writing utensils. Tr. 38-39, 44.

Plaintiff also testified that he had severe back pain which impeded his range of motion and made bending over difficult. Tr. 42-43. At the hearing, Plaintiff stated, "I have trouble just sitting here talking to you right now. I mean I'm in extreme pain right now. . . . My back, my neck and my hands are throbbing real bad." Tr. 48.

The ALJ found that Plaintiff was not credible in his testimony regarding the intensity, persistence, and limiting effects of his symptoms. Tr. 24. The ALJ was primarily troubled by Plaintiff's inconsistent reports regarding his earnings and work history. The ALJ suggested that "secondary gain" could be Plaintiff's motive in these proceedings. Id.

During the December 2013 administrative hearing, Plaintiff testified that it had been "over two years" or "a couple of years" since he had performed any mechanic work. Tr. 38, 41. He also testified that, since his alleged onset date of April 15, 2010, he had not worked at all. Tr. 47-48. However, a medical record from May 7, 2012 indicates that he was still performing mechanic work, albeit with pain. Tr. 339. In addition, on a May 15, 2012 Disability Report, Plaintiff wrote "I am currently working" and indicated that he worked part-time. Tr. 221. He also reported over nine thousand dollars in earnings in 2010 and six thousand dollars in earnings in 2011. Tr. 56.

Contrary to Plaintiff's argument, the ALJ did not discount his credibility because Plaintiff worked part-time after his alleged onset date. See Pl. Br. 7, ECF 12. The ALJ discounted Plaintiff's credibility because the ALJ found significant discrepancies in Plaintiff's reports about the amount he worked, when he stopped working, and what he earned. The inconsistency between what Plaintiff said at the hearing and what he stated to his doctor and in a written disability report is a compelling reason for the ALJ to discount Plaintiff's credibility. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991) ("So long as the adjudicator makes specific findings

7 - OPINION & ORDER

that are supported by the record, the adjudicator may discredit the claimant's allegations based on inconsistencies in the testimony[.]").

The ALJ also noted that Plaintiff's testimony was inconsistent with medical evidence in the record. Conflicts between a claimant's testimony and the objective medical evidence in the record can undermine a claimant's credibility. Morgan, 169 F.3d at 600. The ALJ reviewed Plaintiff's medical records and found that there was no mention of "bilateral hand pain" until after Plaintiff filed his disability claim. Tr. 24. Plaintiff was first seen for "hand pain" on May 7, 2012, within weeks of filing his claim. Id. However, on August 4, 2012, examining physician Daniel Lincoln, M.D., noted on physical examination virtually no limitations with Plaintiff's hands. Tr. 280-81. As to Plaintiff's back pain, Dr. Lincoln only diagnosed Plaintiff's anecdotal claim of "chronic pain," but did not find objective support for Plaintiff's claim and did not assess Plaintiff with any limitations in sitting, standing, lifting, carrying, balancing, stooping, kneeling, climbing, crouching, or crawling. Id. Plaintiff's lack of treatment prior to filing for disability and Dr. Lincoln's assessment provide further justification for the ALJ's credibility finding.

Finally, the ALJ discounted Plaintiff's credibility because Plaintiff's behavior conflicted with his report of limitations and pain. "Although an ALJ's personal observations, standing alone, cannot support a determination that a claimant is not credible, they may form part of that determination." Reinertson v. Barnhart, 127 F. App'x 285, 290 (9th Cir. 2005) (citing Fair v. Bowen, 885 F.2d 597, 602 (9th Cir. 1989) and Morgan, 169 F.3d at 600 ("The inclusion of the ALJ's personal observations does not render the decision improper.")). Plaintiff testified that he did not grasp things with his left hand because it was painful and because he would drop things. Tr. 51. Yet Plaintiff carried a laptop computer with his left hand into the administrative hearing

without difficulty. Tr. 51-52. The ALJ properly included his own observations of Plaintiff in discounting Plaintiff's credibility.

Plaintiff challenges additional reasons cited by the ALJ in rejecting his testimony. Plaintiff argues that the ALJ improperly discounted his credibility based on Plaintiff's failure to obtain medical treatment for his hand pain and Plaintiff's testimony that he took amounts of Advil in excess of recommended dosage amounts. Even assuming that Plaintiff is correct that these two reasons are not supported by substantial evidence, the record as a whole demonstrates that the ALJ nevertheless provided sufficient specific, clear, and convincing reasons to reject Plaintiff's credibility.

Despite the fact that Plaintiff disagrees with the ALJ's interpretation of the evidence and offers an alternative, the Court must reject plaintiff's interpretation of the evidence because the ALJ's decision was rational. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982) ("Our sole inquiry is whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the law judge."). In sum, the ALJ provided sufficient clear and convincing reasons to reject plaintiff's subjective symptom testimony. The ALJ's credibility finding is affirmed.

II.     Treating Physician Dr. Heder

Plaintiff argues that the ALJ improperly rejected the opinion of Dr. James E. Heder, M.D. The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. Carmickle v. Comm'r, 533 F.3d 1155, 1164 (9th Cir. 2008). The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. The opinions of treating physicians are generally accorded greater weight than the opinions of non-treating physicians. Lester v. Chater,

9 - OPINION & ORDER

81 F.3d 821, 830 (9th Cir. 1995). A treating doctor's opinion that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ must provide "specific, legitimate reasons" for discrediting the treating doctor's opinion. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities. Tommasetti, 533 F.3d at 1040.

Dr. Heder was Plaintiff's treating physician for almost 20 years and performed multiple physical examinations. Tr. 356. However, Plaintiff did not see Dr. Heder for several years before he reestablished treatment on May 7, 2012, a few weeks after filing for disability benefits. Tr. 288. At the May 7, 2012, visit, Dr. Heder found that Plaintiff had "Dupuytren's contractures involving the left part of the palm" of Plaintiff's left hand. Id. Dr. Heder stated that Plaintiff's condition was causing "some disability" in his work. Id. Dr. Heder recommended that Plaintiff consult with a hand surgeon. Dr. Heder noted that Plaintiff took 20 Advil per day and had neck and back pain. Id. Finally, Plaintiff also had a "contusion to the thumb [from] dropping the tool box about three days ago." Id. However, Dr. Heder noted that the contusion would "ease off gradually" and directed Plaintiff to "gently use the hand in normal activity." Id.

Plaintiff contends that the ALJ offered no legitimate reasons for rejecting Dr. Heder's opinion. Tr. 22. However, Plaintiff provides no argument as to how the ALJ's ultimate determination of non-disability would change if Dr. Heder's opinion was fully credited. Plaintiff contends that Dr. Heder's opinion that Plaintiff should "gently use the hand" precludes the

10 - OPINION & ORDER

mechanical work that the ALJ found Plaintiff capable of in steps four and five of the analysis. However, Dr. Heder's direction to "gently use the hand" clearly only refers to the effect of Plaintiff's contusion (which Dr. Heder says will "ease off gradually") on the use of his hand, not the effect of the dupuytren's contracture or any other permanent impairment. Dr. Heder's statement that Plaintiff's condition was causing him "some disability" is not a functional assessment of Plaintiff's limitations and is based on Plaintiff's self-reports, which are discounted for the reasons discussed above.

The Court fails to see how crediting Dr. Heder's opinion would make any difference in the ALJ's determination of Plaintiff's residual functional capacity. Therefore, even if the ALJ erred in rejecting Dr. Heder's opinion, such error was harmless. <u>Stout v. Comm'r, Soc. Sec. Admin.</u>, 454 F.3d 1050, 1055 (9th Cir. 2006) (errors that are "nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion" are harmless).

## CONCLUSION

Based on the foregoing, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

Dated this ___4___ day of ___Feb_____, 2016

_____
MARCO A. HERNÁNDEZ
United States District Judge

11 - OPINION & ORDER